Crown Smelting Company v. Commissioner.
Crown Smelting Co. v. Commissioner
Docket No. 12281.
United States Tax Court
1947 Tax Ct. Memo LEXIS 66; 6 T.C.M. (CCH) 1096; T.C.M. (RIA) 47268; October 8, 1947
*66 Edw. D. McLaughlin, Esq., for the petitioner. William H. Best, Jr., Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $4,739.88 in excess profits tax for 1944. One of the adjustments which he made was to add to income, as shown by the return, $4,059. He has conceded in his brief that he erred in that respect. Another adjustment which he made was to disallow as a deduction, and add to income for 1944, $715.28 which he disallowed as "Excessive bonus paid to Claude H. Fryberg". The only issue for decision is whether the Commissioner erred in disallowing the deduction of $715.28. The petitioner is a corporation. Its return for the period in question was filed with the collector of internal revenue for the first district of Pennsylvania. One of the deductions which it claimed in arriving at its excess profits net income was $17,275.28 for compensation of officers, consisting of $8,250 paid to the president and $9,025.28 paid to C. H. Fryberg, as secretary-treasurer and general manager. It was stated on the return that Fryberg owned 1.4 per cent of the common stock of the corporation and devoted his entire *67 time to the business of the corporation. Fryberg at some time not disclosed by the record was promoted from chief accountant to secretary-treasurer and general manager of the plant under a contract for five years. Fryberg apparently was to receive a bonus of $1,525.28 for 1944, but only $810 of it was approved by the Salary Stabilization Unit and only $810 of it was paid to him in 1944. The remainder was accrued in some way on the books but was not paid to Freyberg until 1946. The Commissioner contends that the salary item is not deductible because it has not been shown that the amount was a reasonable amount for salary for personal services actually rendered, and, also because it has not been shown that 24 (c) is inapplicable. The evidence on this point is grossly inadequate and does not justify any change in the determination of the Commissioner. Decision will be entered under Rule 50.